IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT SCANLON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF NORTH )<br>AMERICA, )<br>)<br>Defendant. ) | Case No. 20-cv-0744<br><br>Judge Norgle |

## LINA'S RULE 52 MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Pursuant to Fed. R. Civ. P. 52(a), Defendant, Life Insurance Company of North America ("LINA"), respectfully moves this Honorable Court to enter judgment on the administrative record[1] in its favor and against plaintiff, Scott Scanlon. Judgment in LINA's favor is warranted because Scanlon has not proffered evidence sufficient to carry his burden of proof.

1. Invoking the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), Scanlon alleges that LINA improperly denied his claim for long-term disability ("LTD") benefits under the employee welfare benefit plan (the "Plan") established by his employer, McKesson Corporation ("McKesson"). LTD benefits under the Plan are funded by a group policy issued by LINA, to which McKesson was a subscriber. (ECF 12, ¶8).

2. To show an entitlement to benefits, Scanlon must prove, by a preponderance of the evidence, that he has a sickness or injury that precludes him from performing the material duties of his sedentary "regular occupation" as a Windows Systems Administrator. Scanlon has not offered evidence to meet this burden. About a year after he stopped working, he filed his LTD

---

[1] Scanlon's counsel filed the administrative record under seal at Dkt. Nos. 24-1 and 24-2.

claim as "a contingency plan" in case he and McKesson did not reach agreement on the ADA accommodations he had requested for his diagnosis of delayed sleep-wake phase disorder. But the psychologist treating this condition, Dr. James Wyatt, stated that Scanlon could perform his work with certain accommodations, and McKesson granted them. Scanlon's sleep condition cannot constitute a "disability" under the Plan since McKesson agreed to the accommodations that Dr. Wyatt stated would allow Scanlon to achieve "normal" performance of his occupation.

3.  Recognizing this, Scanlon has pivoted to claiming disability based on orthopedic conditions and anxiety. But the physician who managed Scanlon's pain complaints, Dr. Omar Said, advised an independent physician whom LINA consulted, Dr. Krishna Padiyar, that Scanlon was not disabled. That assessment accorded on the whole with an earlier functional capacity evaluation ("FCE"), during which Scanlon gave unreliable pain reports on four separate metrics, but nonetheless demonstrated the abilities to lift at the medium-demand level, to frequently perform fine motor coordination tasks, and to frequently walk. While Scanlon also submitted records from orthopedic surgeons, they never assessed functional limitations or found that he was unable to perform his sedentary occupation. And the psychiatric and occupational medicine specialists who reviewed the file for LINA found that Scanlon's medical conditions did not support work restrictions. The Court should enter judgment for LINA because Scanlon has not shown that his conditions prevent him from performing his sedentary occupation.

4.  In support of this motion, LINA is submitting a memorandum of law and a separate Rule 52(a) statement of material facts, which sets forth the factual findings that are warranted by the administrative record and contains citations to the administrative record for each of the factual findings.

1028460\307695793.v1

WHEREFORE, pursuant to Federal Rule 52(a)(1), defendant, Life Insurance Company of North America, respectfully moves this Honorable Court to enter judgment on the administrative record in its favor and against plaintiff, Scott Scanlon.

Respectfully submitted,

Life Insurance Company of North America

By:    /s/ Peter E. Pederson
One of its attorneys

Daniel K. Ryan
Peter E. Pederson
Hinshaw & Culbertson LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001 (fax)
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 15, 2021, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

Mark D. DeBofsky, Esq.
Matthew T. Maloney, Esq.
DeBofsky Sherman Casciari Reynolds P.C.
150 N. Wacker Drive, Suite 1925
Chicago, Illinois 60606
(312) 561-4040
Fax (312) 929-0309
mdebofsky@debofsky.com
mmaloney@debofsky.com

    /s/ Peter E. Pederson